**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | |
|---|---|
| ADAM WOOD, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>W6LS, INC., d/b/a WITHU and WITHU LOANS, and CALIBER FINANCIAL SERVICES, Inc.,<br><br>Defendants. | **Case No. 4:24-cv-128-DJH** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

As a matter of law, when viewing the Loan Agreements together with the entirety of the Tribal Code, the only determination that the Court could have reached is that the choice-of-law provision in the Loan Agreements and in the Tribal Code unequivocally waived the application of state law. As a result, the prospective-waiver doctrine applies and the delegation provision in the Loan Agreements is unenforceable. Because the Court did not consider the Tribal Code as a whole when reaching its determination to the contrary, it committed clear error.

Defendants' argument to the contrary misstates the legal framework attendant to applying the prospective-waiver doctrine. According to Defendants, it is the arbitrator who must make the choice-of-law determination, contending that Plaintiff conflates his challenge to the delegation provision with a challenge to the choice-of-law provision. But the proper framing of Plaintiff's argument on reconsideration is through the prospective-waiver doctrine. It is precisely because

there is only one outcome from the choice-of-law analysis (that the application of state law is unquestionably precluded) that this doctrine applies and, as a result, the delegation provision is unenforceable. Plaintiff is not conflating these provisions; he is properly describing the interplay between them in light of the prospective-waiver doctrine. And, because the Court did not reach the only legal conclusion it could have reached on the issue of choice-of-law, it committed clear error as a matter of law.

## II. ARGUMENT

Reconsideration is appropriate here because the Court, in analyzing Plaintiff's prospective-waiver argument, committed clear error when it determined that the choice-of-law provision in the Loan Agreements, as well as the Tribal Code, did not act as an absolute bar on the arbitrator's consideration of Kentucky state usury law. Order at 9. Defendants want to foreclose this Court's full examination of the Tribal Code on reconsideration, claiming that Plaintiff is merely rehashing arguments he previously made. Dkt. No. 25 at 3-4. However, as explained in his Motion for Reconsideration, Defendants failed to raise any arguments as to the Tribal Code and did not cite to a single provision in either their Motion to Compel or Reply in support of that motion. *See* Dkt. Nos. 13 & 19. Thus, when the Court raised the language in sections 65 and 75 of the Tribal Code as its sole support compelling arbitration, this was the first opportunity for Plaintiff to address this language. *See* Order at 8-9.

In its September 30, 2025 order the Court cited to sections 65 and 75 of the Tribal Code to conclude that it could not predict how an arbitrator might apply tribal law to Plaintiff's prospective waiver argument, when the Tribal Code is read in full, as Plaintiff's Motion for Reconsideration makes clear, the inability for the arbitrator to apply Kentucky statutory usury laws renders the choice-of-law provision as a prospective waiver of Plaintiff's rights as well as the delegation clause

unenforceable. *Id*. Clear error exists when the Court analyzed only portions of the relevant law and, as a result, reached an erroneous conclusion that it could not have reached if it had considered the entire Tribal Code in full. *See Michigan Bell Tel. Co. v. MCIMetro Access Transmission Serve*., Inc., 323 F.3d 348, 357 (6th Cir. 2003) (citation and quotation marks omitted) ("Courts must construe contracts as a whole; if reasonably possible, all parts and every word should be considered; no part should be eliminated or stricken by another part unless absolutely necessary.").[1]

Defendants also misunderstand the prospective waiver doctrine when they claim that Plaintiff conflates his challenge to the delegation provision as a challenge to the choice-of-law provision. *See* Dkt. No. 25 at 4-5. Defendants want the Court to allow the arbitrator to be delegated the question of arbitrability but, because the choice-of-law provisions in the Loan Agreements, as well as the enforcement of the Tribal Code, definitively preclude any arbitrator from applying state law, the delegation clause is then necessarily unenforceable pursuant to the prospective waiver doctrine. *See Smith v. W. Sky Fin., LLC*, 168 F. Supp. 3d 778, 786 (E.D. Pa. 2016) ("[F]idelity to the law does not require a judge to be naïve or impractical. Necessarily, if there is no benchmark for JAMS or any other arbitrator to follow, this clause is equally illusory, just in a different way. In practical terms, enforcing the delegation provision would place an arbitrator in the impossible position of deciding the enforceability of the agreement without authority to apply any applicable federal or state law."). Here, any arbitrator delegated the question of arbitrability would be expressly forbidden from relying on state law by the Loan Agreements and a full reading of the

---

[1] Defendants also disregard Plaintiff's argument that reconsideration is appropriate to prevent manifest injustice, specifically in "allowing Defendants to charge Plaintiff and the purported class members up to 600 percent interest on predatory loans, while avoiding the statutory usury laws of the Commonwealth of Kentucky through their rent-a-tribe scheme and their unenforceable arbitration and delegation provision." Dkt. 22 at 4

Tribal Code, thus precluding an analysis of the arbitration clause that would include a determination that the complete exclusion of state law-would violate public policy against contractual provision that "operat[e] . . . as a prospective waiver of a party's right to pursue statutory remedies." *American Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013); *see also Hayes v. Delbert Servs. Corp.*, 811 F.3d 666, 675 (4th Cir. 2016) (applying prospective waiver doctrine to find arbitration clause unenforceable and declaring that "a party may not underhandedly convert a choice of law clause into a choice of no law clause").

Defendants' contention that the incorporation of applicable federal law and the FAA in the Loan Agreements would allow Plaintiff to raise choice-of-law objections with the arbitrator is flatly wrong and misses the point entirely. *See* Dkt. No. 25 at 5. In fact, Defendants purposefully and specifically allow the application of the FAA and "applicable" federal law in order to skirt the application of the prospective waiver doctrine to render their unconscionable delegation and arbitration provisions unenforceable because they know that there is no federal equivalent to Kentucky's usury laws (or any state's usury laws). Therefore, there is no substantive choice-of-law objection to be raised by the arbitrator who may be delegated the issue of arbitrability. Where, as here, the choice-of-law provision precludes the application of state law and deprives the state of enforcing a fundamental public policy interest, the choice-of-law provision and the delegation provision should be found to be unenforceable. *See Peabody Holding Co. v. United Mine Workers of Am., Int'l Union,* 665 F.3d 96, 102 (4th Cir.2012) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 89 L.Ed.2d 648 (1986)) ("The FAA confers near plenary authority on an arbitrator to resolve a dispute given to him by an arbitration agreement. For this authority to be validly exercised, however, any agreement purporting to give a dispute over to arbitration must itself be valid. The validity of an arbitration agreement is a

"question of arbitrability" and, in the normal course, it "is undeniably an issue for judicial determination.").

Defendants are mistaken in suggesting it premature for this Court to declare both the delegation provision and the arbitration clause unenforceable. In reconsidering its Order, by examining the Tribal Code in full, the Court will find that the application of state law by an arbitrator delegated the question of arbitrability is barred by the terms of the Loan Agreements. It is precisely because the arbitrator is precluded from considering Kentucky's state usury law in determining if the choice-of-law provision prospectively waives Plaintiff's state statutory rights that this Court should reconsider its Order and find both the delegation provision and the arbitration clause unenforceable.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court reconsider and amend its Order granting Defendants' Motion to Compel Individual Arbitration.

Dated: December 1, 2025

Respectfully submitted,

*/s/ Matthew J. Langley*
Matthew J. Langley
Almeida Law Group LLC
849 W. Webster Avenue
Chicago, IL 60614
Tele: 773.554.9354
Email: matt@almeidalawgroup.com

*/s/ Amanda M. Lockaby*
Matthew T. Lockaby
Amanda M. LockabyAbigail C. Wearden
Lockaby PLLC

476 East High Street, Suite 200
Lexington, Kentucky 40507
Tele: 859.263.7884
Fax: 859.406.3333
Email: mlockaby@lockabylaw.com
alockaby@lockabylaw.com
awearden@lockabylaw.com

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing document on all counsel of record through the ECF system this 1st day of December 2025.

*/s/ Matthew J. Langley*