**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | | |
|---|---|---|
| ADAM WOOD, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>W6LS, INC., d/b/a WITHU and WITHU LOANS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:24-cv-128-DJH |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants W6LS, Inc. and Caliber Financial Services, Inc. (collectively as "Defendants"), by and through counsel, respectfully submit notice of the attached orders issued since Plaintiff and Defendants fully briefed Plaintiff's Motion for Reconsideration (Doc. 22). These orders are not binding but may serve as persuasive authority in this Court.

On February 17, 2026, Judge William Hayes issued an order in *Fisher v. Welch et al.*, Case No. 25-cv-1698-WQH-BJW, pending in the United States District Court for the Southern District of California, compelling individual arbitration and staying the case. A copy of that order is attached as Exhibit A.

On January 15, 2026, United States District Judge Rebecca Grady Jennings issued an order in *Wood v. Ascend Loans, LLC*, Case Number 4:25-cv-00018-RGJ, pending in the United States District Court for the Western District of Kentucky, Owensboro Division, compelling individual arbitration and staying the case. A copy of that order is attached as Exhibit B.

On December 10, 2025, United States District Judge Martin Reidinger issued an order in *Bridges v. Raines*, Case Number 1:24-cv-00087-MR-WCM, pending in the United States District

Court for the Western District of North Carolina, Asheville Division, compelling arbitration and staying the case. A copy of that order is attached as Exhibit C.

Although most of the parties are different (the Kentucky Federal Court ruling also involved Plaintiff Wood), the rulings are relevant and supportive of Defendants' arguments made in their briefing as it pertains to the enforcement of arbitration provisions contained in loan agreements with choice-of-law provisions that select tribal law and applicable federal law, like what is at issue in this case.

In another case with the same plaintiff, Judge Jennings ruled that choice-of-law challenges, including those based on the prospective waiver doctrine (like what are at issue in this case), are premature, and enforced the loan agreements' delegation provision despite a choice-of-law provision that selected tribal law and applicable federal law. The ruling cites this Court's September 30, 2025 Order (Doc. 21) as support.

The North Carolina and California federal courts rejected the type of argument Plaintiff urges here that relied on *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). Rather, the North Carolina and California federal courts ruled that the prospective waiver doctrine is limited to precluding waivers of federal rights and that a choice-of-law clause that selects tribal law and applicable federal law does not render arbitration provisions unenforceable.

These supplemental authorities are each supportive of Defendants' arguments including those raised on pages 3-5 of Defendants' Opposition to Plaintiff's Motion for Reconsideration (Doc. 25).

Respectfully submitted,

W6LS, INC. AND CALIBER FINANCIAL SERVICES, INC.

By: /s/ *Paul Croker*
Paul Croker
(admitted *pro hac vice*)
Kevin W. Prewitt
(admitted *pro hac vice*)
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard
Suite 1500
Kansas City, Missouri 64108-2617
Phone: 816-221-3420
pcroker@atllp.com
kprewitt@atllp.com

Chadwick A. McTighe
Jeffrey S. Moad
STITES & HARBISON, PLLC
400 W. Market St., Ste. 1800
Louisville, KY 40202
Phone: 502-587-3400
cmctighe@stites.com
jmoad@stites.com

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing document on all counsel of record through the ECF system this 5th day of March, 2026.

*/s/ Paul Croker*